IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOTOROLA MOBILITY LLC, MOTOROLA MOBILITY IRELAND, and MOTOROLA MOBILITY INTERNATIONAL LIMITED, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| APPLE INC., | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Motorola Mobility LLC, Motorola Mobility Ireland, and Motorola Mobility International Limited (collectively, "Plaintiffs"), for their Complaint against Defendant Apple Inc. ("Apple"), allege as follows:

### INTRODUCTION

1.      Plaintiffs bring this action against Apple to seek remedies for Apple's infringement of U.S. Patent Nos. 5,883,580 ("the '580 Patent"), 5,922,047 ("the '047 Patent"), 6,425,002 ("the '002 patent"), 6,493,673 ("the '673 Patent"), 6,983,370 ("the '370 Patent"), 7,007,064 ("the '064 Patent"), and 7,383,983 ("the '983 Patent") (collectively, the "Asserted Patents").

### PARTIES

2.      Motorola Mobility LLC ("Mobility") is Delaware limited liability company with a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

3.      Motorola Mobility LLC was formerly known as Motorola Mobility, Inc., a corporation organized and existing under the laws of Delaware with a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

4. Motorola Mobility, Inc. was formerly a wholly-owned subsidiary of Motorola, Inc. On July 31, 2010, Motorola, Inc. assigned all its rights, title and interest in each of the Asserted Patents to Motorola Mobility, Inc.

5. Motorola Mobility Ireland ("Mobility Ireland") is an unlimited liability company organized and existing under the laws of Ireland with a place of business at Clarendon House, 2 Church Street, P.O. Box HM666, Hamilton HMCX, Bermuda.

6. Motorola Mobility International Limited ("Mobility International") is a company organized and existing under the laws of Bermuda limited by shares with a place of business at Clarendon House, 2 Church Street, Hamilton HM11, Bermuda.

7. On information and belief, Apple is a corporation organized under the laws of California that has its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

9. This Court has personal jurisdiction over Apple. On information and belief, Apple has significant contacts with this forum because Apple manufactures (directly or indirectly through third-party manufacturers) and/or assembles products that are and have been offered for sale, sold, purchased, and used in this District. On information and belief, Apple directly and/or through its distribution network, places infringing devices within the stream of commerce, with the knowledge and/or understanding that such infringing devices will be sold in this District. Moreover, Apple transacts business in this District by means of retail operations within this District and expects or should reasonably expect its infringing actions to have consequences in this District. On information

2

and belief, Apple also has a registered agent for the purposes of, *inter alia*, accepting service of process and thus it lacks any objection to this Court's personal jurisdiction. Moreover, Apple has brought suit for patent infringement in this District (*see* C.A. Nos. 10-166 and 10-167). Thus, exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Delaware long-arm statute, 10 Del. Code § 3104.

10.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Apple resides in this District and because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,883,580

11.     Plaintiffs incorporate by reference paragraphs 1-10.

12.     The '580 patent, entitled "Geographic-Temporal Significant Messaging," issued on March 16, 1999. A true and correct copy of the '580 patent is attached to this Complaint as Exhibit 1.

13.     Mobility has record title and legal ownership in and to the '580 patent, including the right to bring this suit for injunctive relief and damages. Mobility Ireland and Mobility International have an exclusive license to use and exercise certain rights under the '580 patent, subject to certain substantial rights retained by Mobility, such as the right to bring the present action.

14.     On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '580 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4 and the Apple iPhone 4S. Moreover, Apple is aware of the '580 patent through discussions with

3

Mobility in 2010. On information and belief, Apple indirectly infringes the '580 patent by knowingly and intentionally inducing the infringement of this patent by end users of its accused products. Further, on information and belief, Apple contributes to the infringement of the '580 patent because Apple knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

15. Apple's infringing activities have caused and will continue to cause Plaintiffs irreparable harm, for which they have no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

16. Plaintiffs have been and continue to be damaged by Apple's infringement of the '580 patent in an amount to be determined at trial.

17. On information and belief, Apple's infringement of the '580 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

18. On information and belief, Apple's infringement of the '580 patent is exceptional and entitles Plaintiffs to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,922,047

19. Plaintiffs incorporate by reference paragraphs 1-10.

20. The '047 patent, entitled "Apparatus, Method and System for Multimedia Control and Communication," lawfully issued on July 13, 1999. A true and correct copy of the '047 patent is attached to this Complaint as Exhibit 2.

21. Mobility has record title and legal ownership in and to the '047 patent, including the right to bring this suit for injunctive relief and damages. Mobility Ireland and Mobility International

have an exclusive license to use and exercise certain rights under the '047 patent, subject to certain substantial rights retained by Mobility, such as the right to bring the present action.

22.     On information and belief, Apple has infringed and is still infringing the '047 patent at least under 35 U.S.C. §§ 271(a) and/or (g), literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPhone 4S, the Apple iPad 2, and the Apple iPad 3.

23.     Apple's infringing activities have caused and will continue to cause Plaintiffs irreparable harm, for which they have no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

24.     Plaintiffs have been and continue to be damaged by Apple's infringement of the '047 patent in an amount to be determined at trial.

25.     On information and belief, Apple's infringement of the '047 patent is exceptional and entitles Plaintiffs to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,425,002**

26.     Plaintiffs incorporate by reference paragraphs 1-10.

27.     The '002 patent, entitled "Apparatus and Method for Handling Dispatching Messages for Various Applications of a Communication Device," lawfully issued on July 23, 2002. A true and correct copy of the '002 patent is attached to this Complaint as Exhibit 3.

28.     Mobility has record title and legal ownership in and to the '002 patent, including the right to bring this suit for injunctive relief and damages. Mobility Ireland and Mobility International

5

have an exclusive license to use and exercise certain rights under the '002 patent, subject to certain substantial rights retained by Mobility, such as the right to bring the present action.

29. On information and belief, Apple has infringed and is still infringing the '002 patent at least under 35 U.S.C. §§ 271(a) and/or (g), literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPhone 4S, the Apple iPad 2, and the Apple iPad 3.

30. Apple's infringing activities have caused and will continue to cause Plaintiffs irreparable harm, for which they have no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

31. Plaintiffs have been and continue to be damaged by Apple's infringement of the '002 patent in an amount to be determined at trial.

32. On information and belief, Apple's infringement of the '002 patent is exceptional and entitles Plaintiffs to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,493,673

33. Plaintiffs incorporate by reference paragraphs 1-10.

34. The '673 patent, entitled "Markup Language For Interactive Services And Methods Thereof," lawfully issued on December 10, 2002. A true and correct copy of the '673 patent is attached to this Complaint as Exhibit 4.

35. Mobility has record title and legal ownership in and to the '673 patent, including the right to bring this suit for injunctive relief and damages. Mobility Ireland and Mobility International

have an exclusive license to use and exercise certain rights under the '673 patent, subject to certain substantial rights retained by Mobility, such as the right to bring the present action.

36. On information and belief, Apple has infringed and is still infringing the '673 patent at least under 35 U.S.C. §§ 271(a) and/or (g), literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4S.

37. Apple's infringing activities have caused and will continue to cause Plaintiffs irreparable harm, for which they have no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

38. Plaintiffs have been and continue to be damaged by Apple's infringement of the '673 patent in an amount to be determined at trial.

39. On information and belief, Apple's infringement of the '673 patent is exceptional and entitles Plaintiffs to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,983,370

40. Plaintiffs incorporate by reference paragraphs 1-10.

41. The '370 patent, entitled "System for Providing Continuity Between Messaging Clients and Method Therefor," lawfully issued on January 3, 2006. A true and correct copy of the '370 patent is attached to this Complaint as Exhibit 5.

42. Mobility has record title and legal ownership in and to the '370 patent, including the right to bring this suit for injunctive relief and damages. Mobility Ireland and Mobility International have an exclusive license to use and exercise certain rights under the '370 patent, subject to certain substantial rights retained by Mobility, such as the right to bring the present action.

43. On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '370 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4, the Apple iPhone 4S, the Apple iPad 2, the Apple iPad 3, the Mac Pro, the iMac, the Mac mini, the MacBook Pro, and the MacBook Air. Moreover, Apple is aware of the '370 patent, at least because this patent was previously asserted against Microsoft in *Motorola Mobility, Inc. v. Microsoft Corp.*, Case No. 2:11-CV-01408-JLR (W.D. Wash.), and Apple has been monitoring that litigation. On information and belief, Apple indirectly infringes the '370 patent by knowingly and intentionally inducing the infringement of this patent by end users of its accused products. Further, on information and belief, Apple contributes to the infringement of the '370 patent because Apple knows that its accused products are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

44. Apple's infringing activities have caused and will continue to cause Plaintiffs irreparable harm, for which they have no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

45. Plaintiffs have been and continue to be damaged by Apple's infringement of the '370 patent in an amount to be determined at trial.

46. On information and belief, Apple's infringement of the '370 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

47. On information and belief, Apple's infringement of the '370 patent is exceptional and entitles Plaintiffs to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,007,064

48. Plaintiffs incorporate by reference paragraphs 1-10.

49. The '064 patent, titled "Method and Apparatus for Obtaining and Managing Wirelessly Communicated Content," lawfully issued on February 28, 2006. A true and correct copy of the '064 patent is attached to this Complaint as Exhibit 6.

50. Mobility has record title and legal ownership in and to the '064 patent, including the right to bring this suit for injunctive relief and damages. Mobility Ireland and Mobility International have an exclusive license to use and exercise certain rights under the '064 patent, subject to certain substantial rights retained by Mobility, such as the right to bring the present action.

51. On information and belief, Apple has infringed and is still infringing the '064 patent at least under 35 U.S.C. §§ 271(a) and/or (g), literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPhone 4S, the Apple iPad 2, and the Apple iPad 3.

52. Apple's infringing activities have caused and will continue to cause Plaintiffs irreparable harm, for which they have no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

53. Plaintiffs have been and continue to be damaged by Apple's infringement of the '064 patent in an amount to be determined at trial.

54. On information and belief, Apple's infringement of the '064 patent is exceptional and entitles Plaintiffs to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 7,383,983

55. Plaintiffs incorporate by reference paragraphs 1-10.

56. The '983 patent, entitled "System and Method for Managing Content Between Devices In Various Domains," lawfully issued on June 10, 2008. A true and correct copy of the '983 patent is attached to this Complaint as Exhibit 7.

57. Mobility has record title and legal ownership in and to the '983 patent, including the right to bring this suit for injunctive relief and damages. Mobility Ireland and Mobility International have an exclusive license to use and exercise certain rights under the '983 patent, subject to certain substantial rights retained by Mobility, such as the right to bring the present action.

58. On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '983 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPod Touch, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPhone 4S, the Apple iPad, the Apple iPad 2, and the Apple iPad 3. Moreover, Apple is aware of the '983 patent through discussions with Mobility in 2010. On information and belief, Apple indirectly infringes the '983 patent by knowingly and intentionally inducing the infringement of this patent by end users of its accused products. Further, on information and belief, Apple contributes to the infringement of the '983 patent because Apple knows that its mobile devices are made for use in infringement and are not staple articles of commerce suitable for substantial non-infringing use.

59.     Apple's infringing activities have caused and will continue to cause Plaintiffs irreparable harm, for which they have no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

60.     Plaintiffs have been and continue to be damaged by Apple's infringement of the '983 patent in an amount to be determined at trial.

61.     On information and belief, Apple's infringement of the '983 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

62.     On information and belief, Apple's infringement of the '983 patent is exceptional and entitles Plaintiffs to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

63.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that:

(a)     Judgment be entered that Apple has infringed one or more claims of each of the Asserted Patents;

(b)     Judgment be entered permanently enjoining Apple, its directors, officers, agents, servants and employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Asserted Patents;

(c)     Judgment be entered awarding Plaintiffs all damages adequate to compensate them for Apple's infringement of the Asserted Patents including all pre-judgment and post-judgment

11

interest of the Asserted Patents including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(d)     Judgment be entered that Apple's infringement of at least the '580 patent, the '370 patent, and the '983 patent is willful and deliberate, and therefore that Plaintiffs are entitled to treble damages as provided by 35 U.S.C. § 284;

(e)     Judgment be entered that this is an exceptional case entitling Plaintiffs to an award of their attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

(f)     Judgment be entered awarding Plaintiffs such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
302-658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

OF COUNSEL:

Charles K. Verhoeven
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Edward J. DeFranco
Alexander Rudis
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

*Attorneys for Plaintiffs Motorola Mobility LLC, Motorola Mobility Ireland and Motorola Mobility International Limited*

12

David A. Nelson
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 West Madison Street, Suite 2450
Chicago, IL 60661
(312) 463-2965

August 17, 2012
6254422.2